**UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS**

**FIRST AMENDED CHAPTER 13 PLAN COVER SHEET**

Filing Date:  3/1/10                                                         Docket #:  10-12121-FJB

Debtor:  Chantal Cesaire                                               Co-Debtor: _____

SS#:  xxx-xx-1794                                                          SS#: _____

Address:  186 Copeland St.                                          Address: _____
              Brockton, MA 02301


Debtor's Counsel:        Steven R. Striffler
Address:                      21 McGrath Highway, Suite 301
                                   Quincy, MA 02169


Telephone #:  617-290-1573 steve@strifflerlaw.com

Facsimile #:  866-314-2716


ATTACHED TO THIS COVER SHEET IS THE CHAPTER 13 PLAN FILED BY THE DEBTOR(S) IN THIS CASE.  THIS PLAN SETS OUT THE PROPOSED TREATMENT OF THE CLAIMS OF CREDITORS.  THE CLAIMS ARE SET FORTH IN THE BANKRUPTCY SCHEDULES FILED BY DEBTOR(S) WITH THE BANKRUPTCY COURT.

YOU WILL RECEIVE A SEPARATE NOTICE FROM THE BANKRUPTCY COURT OF THE SCHEDULED CREDITORS' MEETING PURSUANT TO 11 U.S.C. § 341.  THAT NOTICE WILL ALSO ESTABLISH THE BAR DATE FOR FILING PROOFS OF CLAIMS.

PURSUANT TO THE MASSACHUSETTS LOCAL BANKRUPTCY RULES, YOU HAVE UNTIL THIRTY (30) DAYS AFTER THE SECTION 341 MEETING TO FILE AN OBJECTION TO CONFIRMATION OF THE CHAPTER 13 PLAN, WHICH OBJECTION MUST BE SERVED ON THE DEBTOR, DEBTOR'S COUNSEL AND THE CHAPTER 13 TRUSTEE.

## OFFICIAL LOCAL FORM 3
## FIRAT AMENDED PRE-CONFIRMATION CHAPTER 13 PLAN

Docket No.: 10-12121

DEBTOR(s):   (H) <u>Chantal Cesaire</u>         SS#: <u>xxx-xx-1794</u>

(W)                              SS#: xxx-xx-

### I. PLAN PAYMENT AND TERM:

Debtor(s) shall pay monthly to the Trustee the sum of $ <u>358.00</u>     for the term of:

x  36 Months.  11 U.S.C. § 1325(b)(4)(A)(i);

☐ 60 Months.  11 U.S.C. § 1325(b)(4)(A)(ii);

   60 Months.  11 U.S.C. § 1322(d)(2).  Debtor avers the following cause:

_____

_____ ; or

☐ ____Months. The Debtor states as reasons therefore: _____

_____

_____

### II. SECURED CLAIMS:

A. Claims to be paid through the plan (including arrears):

| Creditor | Description of Claim (pre-petition arrears, purchase money, etc.) | Amount of Claim |
|---|---|---|
|  |  | $ |
| Lease and Rental Management Corp. | Secured portion based on current value of vehicle, $8,000 principal amortized at 5% APR over 60 months. | $ 9,058.19 |
|  |  | $ |
| Total of secured claims to be paid through the Plan: |  | $ 9,058.19 |

B. Claims to be paid directly by debtor to creditors (Not through Plan):

| Creditor | Description of Claim |
|---|---|
| Bank of America | First Mortgage @ $2,312.00 per month |

C. Modification of Secured Claims:

| Creditor | Details of Modification (Additional Details May Be Attached) | Amt. of Claim to be Paid Through Plan |
|---|---|---|
| Lease and Rental Management Corp. | Secure portion "crammed down" to current value of vehicle. Creditor to be allowed a general unsecured claim for the undersecured portion | $ 9,058.19 |

D. Leases:

i. The Debtor(s) intend(s) to reject the residential/personal property lease claims of **None**        ; or

ii. The Debtor(s) intend(s) to assume the residential/personal property lease claims of _____.

iii. The arrears under the lease to be paid under the plan are _____.

### III. PRIORITY CLAIMS:

A. Domestic Support Obligations:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| **None** | | $ |

B. Other:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| **None** | | $ |
| | | $ |
| | | $ |

Total of Priority Claims to be paid through the Plan:    $ _____

**IV. ADMINISTRATIVE CLAIMS:**

A. Attorneys Fees (to be paid through the plan): $ 2,529.00

B. Miscellaneous Fees:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| None | | $ |
| | | $ |
| | | $ |

C. The Chapter 13 Trustee's fee is determined by Order of the United States Attorney General. The calculation of the Plan payment set forth utilizes a 10% Trustee's commission.

**V. UNSECURED CLAIMS:**

The general unsecured creditors shall receive a dividend of 0 % of their claims.

A. General unsecured claims $ 4,545.00

B. Undersecured claims arising after lien avoidance/cramdown:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| Lease and Rental Management Corp. | Unsecured portion of claim. | $ 3,500.00 |
| | | $ |
| | | $ |

C. Non-Dischargeable Unsecured Claims:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| **None** | | $ |
| | | $ |
| | | $ |

Total of Unsecured Claims (A + B + C): $ 8,045.00

D.  Multiply total by percentage:                                                                    $ 0.00
(Example: Total of $38,500.00 x .22 dividend = $8,470.00)

E.  Separately classified unsecured claims (co-borrower, etc.):

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| **None** | | $ |
| | | $ |
| | | $ |

Total amount of separately classified claims payable at _____%:     $ _____

## VI. OTHER PROVISIONS:

A.  Liquidation of assets to be used to fund plan:  **None**
_____.

B.  Miscellaneous Provisions:
   1. Secured claims w/arrears being paid through the Plan & not being bifurcated shall be deemed current as of discharge.  Bifurcated secured claims shall be deemed paid in full as of discharge.
   2. Secured creditors being paid in-full through this Plan must furnish to any certificate of title to debtor within 30 days of discharge.
   3. Upon confirmation, all secured lenders shall commence all usual and customary billing and invoicing for post-petition payments.  This includes, but is not necessarily limited to, sending invoices and statements directly to the debtor, allowing the debtor on-line access to their account information, and corresponding directly with the debtor on post-petition mortgage issues.  Practices under this paragraph shall not be deemed a violation of Section 362.
   4. Arbitration provisions of executory contracts are rejected whether scheduled or not.
   5. Prepetition arrears are deemed contractually cured by plan confirmation.
   6. Payments received from the trustee for any prepetition arrears shall be applied only to such arrears.
   7. Post-petition mortgage payments paid directly by debtor to mortgagee or its servicer and must be applied & credited to debtor's account without penalty as if the account were current and no pre-petition default existed on the petition date, and in the order of priority specified in the note, security agreement and applicable non-bankruptcy law.
   8. Nothing in this plan is an admission as to the accuracy of a proof of claim.  The debtor reserves all rights to object to a claim for any reason.
   9**. In the absence of a written objection to confirmation creditors will receive the amount specified in the Plan.**
   10. **This is a "pot" plan**. Total payment for all unsecured creditors is constant. The stated dividend is only an estimate. If the amount of allowed unsecured claims differs from the

amount in Part V, the percentage dividend shall be automatically adjusted to accommodate the difference.

## VII. CALCULATION OF PLAN PAYMENT:

a) Secured claims (Section II-A Total): $ 9,058.19

b) Priority claims (Section III-A & B Total): $ 0.00

c) Administrative claims (Section IV-A&B Total): $ 2,529.00

d) Regular unsecured claims (Section V-D Total): + $0.00

e) Separately classified unsecured claims: $0.00

f) Total of a + b + c + d + e above: = $ 11,587.19

g) Divide (f) by .90 for total including Trustee's fee:
Cost of Plan  =  $ 12,874.66

(This represents the total amount to be paid into the Chapter 13 Plan.)

h) Divide (g), Cost of Plan, by Term of Plan, **36** months

i) Round up to nearest dollar for Monthly Plan Payment: $ **358**
(Enter this amount on page 1)

Pursuant to 11 U.S.C. §1326(a)(1) unless the Court orders otherwise, debtor shall commence making the payments proposed by a plan within thirty (30) days after the petition is filed. Pursuant to 11 U.S.C. §1326(a)(1)(C), the debtor shall make preconfirmation adequate protection payments directly to the secured creditor.

## VIII. LIQUIDATION ANALYSIS
A. <u>Real Estate</u>:

| Address | Fair Market Value | Total Amount of Recorded Liens (Schedule D) |
|---|---|---|
| 186 Copeland St. | $ 190,500.00 | $ 219,703.00 |
|  | $ | $ |
|  | $ | $ |

Total Net Equity for Real Property: $ 0.00

Less Total Exemptions (Schedule C): $ 0.00

Available Chapter 7: $ 0.00

B. <u>Automobile</u> (Describe year, make, model):

2006 Nissan Altima Value $ 8,000  Lien $ 11,507  Exemption $ 0.00

_____ Value $ _____ Lien $ _____ Exemption $ _____

Total Net Equity: $ 0.00

Less Total Exemptions (Schedule C) $ 0.00

Available Chapter 7: $ 0.00

C. <u>All other Assets</u>: (All remaining items on schedule B) : (Itemize as necessary)

Total Net Value: $ 5,400

Less Exemptions (Schedule C): $ 5,400

Available Chapter 7: $ 0.00

D. Summary of Liquidation Analysis (total amount available under Chapter 7):

Net Equity (A and B) plus Other Assets (C) less all claimed exemptions: $ 0.00

E. Additional Comments regarding Liquidation Analysis:

**None**

**[SIGNATURE PAGE FOLLOWS]**

## IX. SIGNATURES

Pursuant to the Chapter 13 rules, the debtor or his or her attorney is required to serve a copy of the Plan upon the Chapter 13 Trustee, all creditors and interested parties, and to file a Certificate of Service accordingly.

/s/ Steven R. Striffler                                              9/16/10
Debtor's Attorney                                                    Date

Attorney's Address:    21 McGrath Highway, Suite 301
                       Quincy, MA 02169
                       617-290-1573
                       steve@strifflerlaw.com

I/WE DECLARE UNDER THE PENALTIES OF PERJURY THAT THE FOREGOING REPRESENTATIONS OF FACT ARE TRUE AND CORRECT TO THE BEST OF OUR KNOWLEDGE AND BELIEF.

/s/ Chantal Cesaire                                                  9/16/10
Debtor                                                               Date